ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 Appellant argues at length two propositions, viz: that it was reversible error for the trial court to peremptorily refuse to consider his plea of former conviction; and that a plea in form sufficiently showing his former conviction of operating an automobile without lights, would be good in bar of liis subsequent conviction for transporting intoxicating liquor in such car.
 

 We find it difficult to believe appellant serious in contending that the mere act of the trial court, as now asserted by appellant, in refusing physically to receive or read his plea, would afford ground for reversal. To so hold would be to attach an, importance to an act of the trial judge, who may have been informed as to the contents of the plea, or who for any one of a number of reasons might have declined to take the paper in his hand and read it, to which such act would not be entitled. There is nothing in the proposition. If the plea have merit, same would obtain and inure to the benefit of the accused, and be given him by this court on appeal if denied in the court below; but if without merit, no refusal of the court below to read or examine it physically could put merit into the plea. Appellant seems of the opinion that unless the State had filed some kind of demurrer to the plea, the court was without right or power to act in the premises; or to strike it out or to refuse to consider it. Art. 600, C. C. P., is cited. Its terms expressly provide that whether the special plea be excepted to or not, it shall be considered that issue is taken on same.
 

 Appellant argues at length that if in the course of the same transaction there be two offenses committed, the court may not strike out a plea of former conviction for one when plead or attempted to be plead in bar of the other. This will not do. If A kills B and is convicted, would any one contend that his burglary of a house to get a pistol to kill B with, or his shooting 0 who interposed in an effort to prevent the assault on B,— would be barred by a plea of former conviction based on that part of the transaction consisting
 
 *507
 
 in the killing of B, or that the court might not determine such a matter of law. The books are full of cases. Mr. Branch cites many of them in the latter part of Sec. 631 of his Annotated P. C.
 

 The failure to have lights on his automobile as he traveled a public highway in this State was legally one act, transaction and offense on the part of appellant, while that of transporting intoxicating liquor was another, — entirely different in character and elements. Ford v. State, 56 S. W. Rep. 918; Adams v. State, 62 S. W. Rep. 1059. Appellant may have put out his lights to aid in concealing his transportation of the liquor, but this would not change the separate character of the two transactions and offenses.
 

 The motion for rehearing will be overruled.
 

 Overruled.